UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00018-MR

| TONY LEE ANDERSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| FNU VICKERY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.  BACKGROUND**

Pro se Plaintiff Tony Lee Anderson ("Plaintiff") filed this action on January 28, 2022 pursuant to 42 U.S.C. § 1983, against Defendants FNU Vickery and FNU Smith, identified as Buncombe County Sheriff's Deputies; "Medical Staff" at the Buncombe County Detention Facility (the "Jail"); and Quinton Miller, Buncombe County Sheriff, all in their individual and official capacities.[1] [Doc. 1]. Plaintiff does not assert which constitutional rights he

---

[1] Plaintiff alleges that he is an "inmate" "waiting to go to court," but does not identify himself as a pretrial detainee. [Doc. 1 at 4]. For the sake of initial review, the Court will, nonetheless, assume that Plaintiff is a pretrial detainee.

contends were violated, but his allegations implicate the Fourteenth Amendment. Although Plaintiff's allegations are somewhat unclear and disjointed, the Court infers that Plaintiff alleges the following.

On January 8, 2022 at approximately 9:15 a.m., a nurse at the Jail gave Plaintiff his medication at his cell with his cell door open. Plaintiff wanted the nurse to see him take his medication properly, but Defendant Vickery went to shut Plaintiff's cell door and Plaintiff stopped him. Defendant Vickery "got an attitude" and "slammed [Plaintiff's] door without any care or attention or desire to see [Plaintiff] take [his] meds the right way." [Id. at 5]. Defendant Vickery did this "intentually [sic] without paying attention" and "joked about it afterwards." [Id.]. Plaintiff was denied medical care following the incident and was told such care was "not justifiedable [sic]." [Id.].

The next day Plaintiff submitted a grievance regarding the incident to Defendant Smith. Plaintiff did not receive a response to his grievance and, when he asked Defendant Smith about it, Smith told Plaintiff that "it wasn't a serious enough issue." [Id. at 7]. Plaintiff also references a second grievance he filed based on the denial of medical attention and Defendant Smith's failure to process Plaintiff's first grievance. [Id.]. Plaintiff makes no allegations against Defendant Miller or any particular medical care provider.

For injuries, Plaintiff alleges that his pinky and ring fingers are injured and that he has suffered pain and loss of sleep. [Doc. 1 at 5].

For relief, Plaintiff seeks monetary damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc.

Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff here claims that Defendant Vickery carelessly shut Plaintiff's cell door, injuring Plaintiff's hand; that Plaintiff was denied medical care; and that Defendant Smith failed to process Plaintiff's grievance.

### A. Defendant Miller

Suits against sheriffs in their official capacity are in substance claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, Plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of federal law. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20, 105 S.Ct. 2427, 2433-34 (1985) (discussing same). Plaintiff makes no such claim here. As such, Plaintiff has failed to state a claim against Defendant Miller in his official

capacity.

Plaintiff also fails to state a claim against Defendant Miller in his individual capacity. The doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell, 436 U.S. at 694. Rather, to establish liability under § 1983, a plaintiff must show that the defendant "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Here, Plaintiff has not made any allegations against Defendant Miller, only that employees of Defendant Miller violated Plaintiff's rights. Thus, Plaintiff has also failed to state a claim for relief against Defendant Miller in his individual capacity. Defendant Miller will be dismissed as a Defendant in this matter.

**B.    Defendant "Medical Staff" at the Jail**

Plaintiff alleges only that he was denied medical care following the incident. He makes no allegations against individual healthcare providers and no allegations that any prison official or employee evinced deliberate difference to a serious medical need.² Thus, Plaintiff has not stated a claim

---

² Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Because Plaintiff was a pretrial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to arrestee's deliberate indifference claims). However, the Fourth Circuit has long applied the Eighth Amendment

for relief under the Fourteenth Amendment against "Medical Staff" at the Jail.³  See Young, 238 F.3d at 575-76.

C. **Defendant Smith**

Plaintiff claims only that Defendant Smith failed to process Plaintiff's grievance regarding the incident. "The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). As

---

deliberate indifference standard to pretrial detainees' deliberate indifference claims. See e.g., Young v. City of Mt. Rainer, 238 F.3d 567, 575 (4th Cir. 2001); Martin, 849 F.2d at 863. In Kingsley v. Hendrickson, the United States Supreme Court held that, to state an excessive force claim, a pretrial detainee must only show that the force "purposefully and knowingly used against him was objectively unreasonable" because, although prisoners may not be punished cruelly or unusually, pretrial detainees may not be punished at all. 576 U.S. 389 (2015). Some circuits have held, in light of Kingsley, that an objective reasonableness standard should apply in custodial contexts beyond excessive force. See e.g., Hardeman v. Curran, 933 F.3d 816 (7th Cir. 2019) (extending the objective standard to conditions of confinement cases); Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (same); Castro v. City of Los Angeles, 833 F.3d 1060, 1069-70 (9th Cir. 2016) (*en banc*) (extending the objective reasonableness standard to failure to protect claims). The Fourth Circuit has not yet addressed this question. See e.g. Duff v. Potter, 665 Fed. App'x 242, 244-45 (4th Cir. 2016) (applying the Kingsley standard to a detainee's excessive force claim but declining to disturb the district court's ruling on plaintiff's claim of deliberate indifference to a serious medical need for procedural reasons). The Court will apply the deliberate indifference standard in this case, as the relevant Fourth Circuit case law has not been overruled and the Fourth Circuit has not expressed any intention to do so. See e.g., Shover v. Chestnut, 798 Fed. App'x 760, 761-62 (4th Cir. 2020) (applying the deliberate indifference standard to a pretrial detainee's medical claim without discussing Kingsley).

³ "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

such, Plaintiff has also failed to state a claim for relief as to this claim and Defendant Smith will be dismissed as a Defendant in this matter.

D. **Defendant Vickery**

"As a general matter, '[o]nly governmental conduct that shocks the conscience is actionable as a violation of the Fourteenth Amendment.'" Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Young, 238 F.3d at 574 (internal quotation and citation omitted)). "The degree of culpability on the part of a governmental actor that is sufficient to shock the conscience will depend on the circumstances of any given case. In cases where the government is accused … of failing to protect a detainee from a substantial risk of physical harm, conduct that amounts to deliberate indifference … is viewed as sufficiently shocking to the conscience that it can support a Fourteenth Amendment claim." Id. (international quotations and citations omitted).

"Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "An officer is deliberately indifferent to a substantial risk of harm to a detainee when that officer 'knows of and disregards' the risk." Parrish, 372 F.3d at 302 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To be liable under this standard, "the official must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Thus, deliberate indifference requires a showing that a defendant "actually knew of and disregarded a substantial risk of serious injury to the detainee…." Young, 238 F.3d at 575-76.

Plaintiff alleges that Defendant Vickery carelessly slammed Plaintiff's hand in Plaintiff's cell door after Plaintiff prevented Vickery from closing it when Plaintiff wanted to nurse to see him take his medication. While Plaintiff states Vickery's act was done "intentually," Plaintiff also states that Vickery slammed the door "without any care or attention" and was not "paying attention" when he did it. [Doc. 1 at 5]. Plaintiff has failed to state a claim for relief against Defendant Vickery under the Fourteenth Amendment. While Defendant Vickery may have been careless when he closed the cell door on Plaintiff's fingers, the alleged conduct by Defendant Vickery does not evince the subjective awareness and disregard necessary to stating a deliberate indifference claim. The Court, therefore, concludes that Plaintiff has failed to state a claim for relief against Defendant Vickery.

The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief in accordance with the terms of this Order, if the facts support such an amendment.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted against a proper defendant. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants Miller and Smith are **DISMISSED** as Defendants in this matter on initial review.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: March 2, 2022

Martin Reidinger
Chief United States District Judge